IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMON WAYNE THURMAN,<br>　　　　Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:06-CV-838-A |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Armon Wayne Thurman, TDCJ # 259079, is a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, at the time of the filing of this petition. Thurman is no longer confined.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.     PROCEDURAL HISTORY**

Thurman served an 8-year sentence in TDCJ for a 1996 indecency conviction in cause number 0589262 out of the 371st Judicial Court of Tarrant County, Texas. (Petition at 2.)  Before, during, and after the same time, he was also serving a 65-year sentence for a 1975 aggravated robbery conviction in cause number W75-00672-I(A) out of the Criminal District Court Number Two of Dallas County, Texas.  (Resp't Answer, Exhibit A.)  His 8-year sentence was fully discharged on July 16, 2003.  (*Id.*)  Thurman filed the instant petition on December 1, 2006, in which he claims TDCJ has illegally held him beyond his discharge date.  (*Id.* at 7)  Thurman was apparently released on parole for his 1975 conviction on June 1, 2007. (Resp't Answer, Exhibit A.) He properly notified this court of his change of address.  *See* CM/ECF, Civil Docket for Civil Case No. 4:06-CV-838-A, entry for June 6, 2007.

**D.     DISCUSSION**

Thurman was not "in custody" on the 8-year sentence for purposes of § 2254 at the time he filed this petition, and, thus, the petition is moot under the case and controversy requirement.  *See* U.S. CONST., art. III, § 2.  Further, Thurman has, in fact, been released from custody, and this court can no longer provide him with the relief he seeks.  Dismissal of the petition as moot is therefore appropriate.  *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II.  RECOMMENDATION

It is recommended Thurman's petition for writ of habeas corpus be dismissed as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 28, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 28, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 7, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE